**In re ADAMS HARD FACING COMPANY, Debtor.**

**In re AHF CORPORATION, Debtor.**

No. CIV–90–1559–A.

Bankruptcy Nos. 89–07342–LN, 89–07343–LN.

United States District Court, W.D. Oklahoma.

May 31, 1991.

D. Kent Meyers, Karen Eby, Crowe & Dunlevy, Oklahoma City, Okl., for debtors.

Janice D. Loyd, McClelland, Collins, Bailey, Bailey & Bellingham, Oklahoma City, Okl., for Creditors Committee.

Carol Connor Flowe, John H. Falsey, Angela J. Arnett, Joseph D. Franco, Washington, D.C., Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, Okl., for Pension Ben. Guar. Corp.

ORDER

ALLEY, District Judge.

The matters before the Court are the Motion for Partial Summary Judgment of the debtors AHF Corporation and Adams Hard–Facing Company ("debtors"), and the Cross–Motion for Partial Summary Judgment of the Pension Benefit Guaranty Corporation ("PBGC"). By a letter dated May 17, 1991, the debtors and the PBGC notified the Court that all of the issues in the motion and cross-motion had been settled, except as to payment of claims for which both the PBGC and Adams Hard–Facing Company Pension Plan ("Plan") participants have filed. However, because the debtors and the PBGC agree that the participants' claims should be disallowed, this Court finds this to be the proper resolution of the issue.

In Proposition IV of its brief, the PBGC addresses the sections of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") that clarify the collection of claims against a single-employer pension plan. Since 1987, when the Pension Protection Act ("PPA") was enacted, the PBGC has been obligated to collect all claims for unfunded pension benefits, and to allocate and distribute the values of its recoveries.

The debtors in the present case filed a voluntary Chapter 11 petition in bankruptcy on 17 November 1989. The proposed termination date of the Plan is 27 December 1989, at which time the total amount of unfunded benefit liability was approximately $3,900,000.00. In early 1988, the Plan was estimated to have 110 vested participants, most of whom have filed claims in the bankruptcy proceedings for entitlements not guaranteed by the PBGC.

Under ERISA § 4062(b), codified in 29 U.S.C. § 1362(b), an employer is liable to the PBGC not only for unfunded guaranteed benefits, but also for the total amount of the plan's unfunded benefit liabilities to all participants and beneficiaries as of the date of termination. Further, ERISA § 4022(c), 29 U.S.C. § 1322(c), requires the PBGC to pay a certain portion of its § 4062(b) recoveries for unfunded benefits not guaranteed by the PBGC.

Once the PBGC has recovered its unfunded benefit liability amounts, it must allocate those amounts pursuant to the requirements of ERISA § 4022. That section requires the PBGC to: (1) allocate recoveries on unfunded benefit liability claims between plan participants and PBGC's premium payers; and (2) allocate nonguaranteed benefit amounts among plan participants according to the priorities set out in ERISA § 4044(a), 29 U.S.C. § 1344(a).

The debtors and the PBGC agree that if Plan participants make claims directly against the bankruptcy estate, the purposes of ERISA § 4022(c) will be defeated. Under ERISA, the PBGC must collect the employer's unfunded benefit liabilities and distribute those amounts to plan participants within the priority scheme of § 4044(a). The direct claims of the participants in the Adams Plan are therefore disallowed. The PBGC is instructed to collect and allocate the unfunded benefit liability amounts in strict compliance with the ERISA sections referred to herein.

It is so ordered.